**YONG QIANG LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–1887–ag.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

Douglas B. Payne, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Di-

rector, Angela N. Liang, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yong Qiang Li, a native and citizen of China, seeks review of a March 24, 2006, order of the BIA affirming the October 22, 2004, decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Qiang Li,* No. A79 813 476 (B.I.A. Mar. 24, 2006), *aff'g* No. A79 813 476 (Immig. Ct. N.Y. City Oct. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129

(2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In order for Li to succeed in his asylum and withholding of removal claims, he had to establish that the police sought to persecute him upon his return to China because of his race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Li did not make any arguments regarding his political opinion claim in his brief to this Court, and as a result, that claim is deemed waived. *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006). Accordingly, our review is limited to the agency's denial of Li's social group claim. He must prove not only that the IJ erred in rejecting his classification of a "particular social group," but also that the IJ erred in finding that he did not face persecution as a member of that group. We need not determine whether Li is a member of a social group because, as explained below, the agency's determination that Li was not sought for arrest "on account of" being part of "China's politically powerless peasant social stratum" is supported by substantial evidence.

As the government notes, Li conceded that the Chinese government was interested in him because of a land dispute. To the extent that the Chinese government sought to arrest Li because he confronted individuals during a land dispute, the agency was correct in finding that this motivation was not related to Li's membership in his self-defined social group.[1] Li appears

---

1. Before the agency, Li defined his social group as "the politically powerless peasant

to argue in his brief that the Chinese authorities had mixed motives in seeking to arrest him. Specifically, Li asserts that the dispute initially arose in the context of a land dispute, but the authorities only decided to pursue the issue because Li was a peasant. Although an alien can meet the nexus requirement by demonstrating mixed motives, *see Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir.1994); *In re S–P–*, 21 I. & N. Dec. 486, 495 (BIA 1996), Li failed to make that showing. There is no evidence that the police were interested in Li because of his social status. The police did not say anything to Li to indicate that their concern was due to his "peasantry," and there is nothing in the record to indicate that the authorities were motivated, even in part, by it. Accordingly, the agency was correct in denying Li's asylum claim because he failed to prove a nexus to a protected ground.

Because Li was unable to meet his burden of establishing eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir.1991).

As the BIA noted, Li failed to challenge the denial of his CAT claim in his brief to the BIA. He also failed to present any meaningful challenge to the denial of that claim in his brief to this Court. Accordingly, Li's CAT claim has been waived, and we cannot review it.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

social stratum." Before this Court, Li attempts to define his social group as "politically powerless peasants whose lands are coveted by officials." However, because this was not the definition presented to the agency, we are precluded from considering this as a basis for relief. *See* 8 U.S.C. § 1252(b)(4)(A) (stat-

Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

ing that this Court can decide the petition for review only on the administrative record on which the order of removal is based); *see also Zhi Wei Pang v. BCIS*, 448 F.3d 102, 107 (2d Cir.2006) (holding that this Court can review only the grounds upon which the agency based its decision).